## United States *v.* Gaylord.

*(Circuit Court, S. D. Illinois.  July, 1883.)*

1. POSTAL LAWS—REV. ST. § 3893—MAILING OBSCENE BOOK OR WRITING.
    Section 3893 of the Revised Statutes of the United States, as amended by the act of July 12, 1876, declares that every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication, of an indecent character, shall be non-mailable matter, and shall not be conveyed in the mails, nor delivered from any post-office, nor by any letter-carrier, and that any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything therein declared to be non-mailable matter, shall be subject to fine or imprisonment, or both.

2. SAME—INDICTMENT.
    The indictment alleged that the defendant did unlawfully and knowingly deposit in a post-office, for mailing and delivery, (naming the time,) a certain obscene, lewd, and lascivious writing, purporting to be a letter, and inclosed in a letter-envelope, addressed to a female person at another post-office, (the post-offices and persons being named,) the said writing being so obscene it could not be set forth in the indictment. *Held,* that the writing described in the indictment was within the terms of the statute, and was non-mailable matter.

Motion to Quash Indictment.

*Mr. Connolly,* Dist. Atty., for the United States.

*Palmers, Robinson & Shutt,* for defendant.

DRUMMOND, J.  At the last January term of the district court the defendant was indicted for a violation of section 3893 of the Revised Statutes, as amended by the act of July 12, 1876.  A motion was

made by the defendant to quash the indictment, which was overruled; and, being arraigned before the court, he pleaded guilty; whereupon a motion was made in arrest of sentence, which, being denied by the court, the defendant was sentenced to imprisonment in one of the penitentiaries of the state. The defendant now makes an application to this court for a writ of error under the act of 1879.

There can be no doubt that it is a proper case for a writ of error to issue; but, by agreement between the counsel of the parties, the only question in controversy has been submitted to the court, and it is understood that, if the court shall be of opinion that the order of the district court as to the sufficiency of the indictment was correct, the writ of error need not issue, but otherwise that it may issue, and the necessary order be made for another trial of the case, or for the discharge of the defendant from imprisonment upon the ground that he had been wrongfully convicted. The indictment contains three counts. There is an allegation that the defendant did unlawfully and knowingly deposit, (stating the time,) for mailing and delivering in the post-office, (naming it,) a certain obscene, lewd, and lascivious writing addressed to a female person, (naming her,) at a certain other post-office, (naming it.) In all the counts what was thus deposited and addressed is described as "an obscene, lewd, and lascivious writing, purporting to be a letter, * * * and which said writing was then and there inclosed in a letter envelope."

The only objection taken to the indictment on the motion to quash, and also in arrest of the sentence of the court, was that what is thus described is not named in the statute, and does not come within the terms of the law as non-mailable matter. The language of the statute is: "Every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character is hereby declared to be non-mailable matter, * * * and shall not be conveyed in the mails, nor delivered from any post-office, nor by any letter-carrier." And the statute adds that every person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything thus declared to be non-mailable matter, shall be deemed guilty of a misdemeanor, and subject to a fine or imprisonment, or both.

Is the offense described in the indictment within any one of the terms named in the statute; in other words, was it a book, pamphlet, picture, paper, writing, print, or other publication of an indecent character. The indictment states that the writing, purporting to be a letter, was so obscene in its character that the contents could not be set forth in the indictment. The only question, consequently, is whether it comes within the meaning of the statute.

The principal argument by the defendant is that, in the part of the section to which we must look for a description of the offense described in the indictment, the word "letter" is not used, and it is insisted that what was put in the post-office by the defendant was a letter; and as, in

another part of the section, the word "letter" is named, in speaking of what shall not be put upon the envelope of a letter, congress could not have intended by the language used to prevent an obscene letter from being carried in the mail. The word "writing," now in the statute, was placed there by the amendment of 1876, not being in the previous statutes upon the subject. The statute had previously declared non-mailable, any obscene, lewd, or lascivious book, pamphlet, picture, print, or other publication of an indecent character, and any letter upon the envelope of which, or postal card upon which, indecent or scurrilous epithets were written or printed. The indictment describes it as a writing, purporting to be a letter, and perhaps it is a fair inference from the language used that it comes within the ordinary description of a letter, which we understand to be something written or printed, as a communication or an epistle, and sent by one person to another, with the address of the person to whom it is sent thereon. The indictment does not state that the letter was sealed, and that was not necessary in order to constitute it a letter. That is just as much a letter, if written and sent in an envelope from one person to another unsealed, as if sealed. It is a matter of daily observation that in our large cities letters are constantly posted without being sealed. They are still letters.

It is claimed on the part of the defense that this must have been "a publication," because the language of the statute is, "or other publications;" so that, whether a book, pamphlet, picture, paper, writing, or print, in order to be within the meaning of the statute, it must be published; and it would follow, if a person should make an obscene picture on a piece of paper and send it in a letter through the mail to another person, no one knowing anything about the picture but the person making it and the person to whom it was addressed, that would not be within the meaning of the statute, not being "published." When we speak of a book, perhaps the ordinary understanding of that word would be that it was something published; and yet a book may be written or printed without publication; and pamphlets are often printed and not published. Indecent and obscene pictures are very frequently circulated privately, so that it might be doubtful whether they could in such case be considered as published.

On the assumption that when congress inserted, by the amendment of 1876, the word "writing" in the statute it was intended that it should be a publication and be so limited, it is difficult to understand what would be a writing in that view of the subject. As has been said, a book or pamphlet is not necessarily something published, and a mere writing, as such, may be said never to be published. It certainly would be difficult to distinctly define what is a public writing. Slanderous words spoken by one person to another are, in a sense, published. Libelous matter put in a letter and sent by one person to another and received, is also, in a certain sense,

published; and so if this necessarily means a writing published, if sent by one person to another and received through the post-office, it may be said to become public.

If the book, pamphlet, picture, paper, or writing referred to in the section, as amended, must necessarily be a publication, this last word qualifies all the other words, the result of which would be that the clause would read, "every obscene, lewd, or lascivious, * * * other publication of an indecent character," which would render the last additional words superfluous.

"Paper" is a word of very extensive meaning. It may comprehend anything that has on it what is obscene, lewd, or lascivious.

A letter is certainly a writing. If addressed by one person to another, while we may call it a letter, it is also a writing, whether the characters are made with a pen, or by type, or in any other similar manner. A very common practice in writing letters at the present day is the use of the "type-writer," as it is termed. That would certainly be a writing, although the letters and words are marked by a machine upon the paper; and so if the words were printed with a pen, instead of being made in a running or flowing hand. The mere fact that they were not written with a pen and ink of the ordinary kind would not prevent it from being a letter; neither would any of these forms prevent it from being a writing, within the meaning of the statute.

It is claimed in the argument that the word "writing" cannot mean letter, because the latter word is used in the same section in which is declared non-mailable, "every letter upon the envelope of which, or postal card upon which, indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed." Now, if in construing this part of the statute we are limited to the technical meaning of the word "letter," then, if a person should inclose in an envelope addressed to another a harmless picture, or even the "sermon on the mount," or should inclose nothing in the envelope, and cover it with obscene pictures or language, and deposit it in the post-office to be transported in the mail, he would not be guilty of a violation of this clause of the statute, because it would not be a letter inclosed in an envelope; and yet it would be difficult to state why that is not within the meaning and intent of the law, and so would subject the person to the penalty thereby imposed. Suppose a letter is written, and it is not inclosed in any envelope, but is folded up and addressed on the very paper upon which the letter is written, as was generally the case many years ago, when postage on a single letter was 25 cents; now, in the case supposed, there is no envelope, such as that literally described in the statute, but if the writer or any one else should cover the outside of that letter, thus written and folded, with obscene pictures or language, and deposit it in the post-office to be carried in the mail, would any one pretend that was not a viola-

tion of the statute, simply because it was not a letter inclosed literally within an envelope? Would not the letter itself constitute an envelope?

Again, the fact that the thing described may be sealed up and subject to letter postage does not prevent it from coming within the terms of the statute. An obscene book may be sealed up, the wrapper in which it is inclosed may be sealed, and it may be subject to letter postage: that does not prevent it from being non-mailable matter. The statute does not discriminate between what is sealed and unsealed, for in whatever way it may be sent, if obscene, it is non-mailable. If an obscene writing, purporting to be a letter, is deposited in a post-office in an envelope unsealed, if that is non-mailable matter it does not become mailable simply by sealing it, and thereby preventing the employes of the post-office from examining what it is. Suppose an obscene published, printed pamphlet or picture is inclosed in an envelope, sealed, posted, mailed, and subject to letter postage and prepaid;—is that a *letter* within the meaning of that part of the section which declares upon the envelope of which there shall not be any indecent, lewd, obscene delineations, epithets, terms, or language written or printed? If we are to "stick in the bark" in relation to every word used in the statute, then that would not be a letter and within its terms. If, upon the sealed envelope of a pamphlet or picture, there should be what the statute says shall not be upon the envelope of a letter,—if that is to be the construction of the statute,—it makes no difference what obscene language or delineations may be put upon the envelope of the pamphlet or picture thus described, because it is sealed up and subject to letter postage, and because it is not a letter such as is described in the statute, nor is it a postal card. According to the construction claimed by the counsel of the defendant in this case, the post-office authorities would be obliged to send through the mail books, pamphlets, pictures, papers, writings, and prints which had been published, and which were inclosed in sealed envelopes, and upon which last there were words or pictures contrary to the terms of the statute as to letters and postal cards. It is not possible that this distinction can be maintained.

In carrying out the object had in view as described in the statute, it may be admitted that the post-office authorities have not the right, of their own motion, to break open any packages sealed up and subject to letter postage. The supreme court of the United States says, in *Ex parte Jackson*, 96 U. S. 727:

"While regulations excluding matter from the mail cannot be enforced in a way which would require or permit an examination into letters or sealed packages subject to letter postage without warrant issued upon oath or affirmation in the search for prohibited matter, they may be enforced upon competent evidence of their violation obtained in other ways, as from the parties receiving the letters or packages, or from agents depositing them in the post-office, or others cognizant of the facts; and as to objectional printed mat-

ter, which is open to examination, the regulations may be enforced in a similar way by the imposition of penalties for their violation through the courts, and, in some cases, by the direct action of the officers of the postal service. In many instances those officers can act upon their own inspection, and, from the nature of the case, must act without other proof, as where the postage is not prepaid, or where there is an excess of weight over the amount prescribed, or where the object is exposed and shows unmistakably that it is prohibited, as in the case of an obscene picture or print. In such cases no difficulty arises, and no principle is violated in excluding the prohibited articles or refusing to forward them. The evidence respecting them is seen by every one, and is, in its nature, conclusive."

S. C. 14 Blatchf. C. C. 245; and see *U. S.* v. *Foote*, 13 Blatchf. C. C. 418.

In order to arrive at the true meaning of some of the words in one part of the section, it is proper to examine different words in another part, so that we can see the result which would follow from the same narrow construction of that part of the section in controversy here, if applied to other parts of the same section, and therefore it is that we have cited from other parts of the section and used the illustrations mentioned. It is true that a criminal or penal statute should receive a strict construction; but it must be a reasonable construction, in reaching which must be considered the object the legislature had in view in the words used. Here it is manifest that congress intended to purge the mails, to prevent anything of the character described from being deposited in a post-office for mailing or delivery, or to be carried in the mails, and it would seem immaterial whether the thing prohibited is inside or outside of an envelope, and it would therefore appear to be unreasonable to hold that congress intended not to allow a decent writing to be put in an obscene envelope, but at the same time to permit an obscene writing to be put in a decent envelope. Each would clearly appear to be within the meaning of congress, and the very thing which the statute intended to prevent.

I have examined the case of *U. S.* v. *Williams*, 3 Fed. Rep. 484, in which it is stated, at the close of the opinion of the commissioner, that the case was not given to the grand jury, from which, perhaps, the inference is that it was not so given for the reasons stated; and also the case of *U. S.* v. *Loftis*, 12 Fed. Rep. 671, where a different view is taken of the statute from that now expressed; but I think the construction given to the statute in each of those cases is too narrow, and, if sustained, would tend in a great measure to prevent the object which congress had in view in the amendment of 1876.

It follows, from what has been said, that I am of the opinion the conviction in this case was right; and the defendant having admitted the allegations of the indictment to be true; that the language used in the indictment brings the case within the statute. As there has been a different view taken of the statute from that here given, this opinion has been submitted to Mr. Justice HARLAN, and he concurs

with ·me in the conclusion that the writing described in the indictment comes within the terms of the statute, and that it was non-mailable matter.